(Revised 01/2017)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-2455-PAB-KHR

JESSICA CAMPBELL,

      Plaintiff,

v.

DONALD J. TRUMP, President of the United States;
ALEX M. AZAR II, Secretary of Health and Human Services;
R. ALEXANDER ACOSTA, Secretary of Labor; and
STEVEN MNUCHIN, Secretary of the Treasury,

      Defendants.[1]

---

**JOINT CASE MANAGEMENT PLAN FOR PETITION
FOR REVIEW OF AGENCY ACTION**

---

**1.     APPEARANCES OF COUNSEL**

For Plaintiff:

ALAN KENNEDY-SHAFFER, ESQUIRE
1975 North Grant Street, #421
Denver, CO 80203
Telephone: (303) 345-3397
Email: alan.kennedy-shaffer@aya.yale.edu

JOEL JUDD, ESQUIRE
2222 South Albion Street, #100
Denver, CO 80222
Telephone: (303) 830-8881
Email: joeljudd@joeljudd.com

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Alex M. Azar II is substituted as a defendant in his official capacity as Secretary of Health and Human Services.

For Defendants:

REBECCA M. KOPPLIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (202) 514-3953
Facsimile: (202) 616-8202
Email: Rebecca.M.Kopplin@usdoj.gov

**2.      STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

Plaintiff's Statement

As discussed in Plaintiff's Complaint for Declaratory and Injunctive Relief, ECF No. 1, the Court has jurisdiction based on the presentation of a federal question under Article III of the Constitution and 28 U.S.C. §§ 1331, 1346, and 1361, regarding Constitutional and statutory violations of the First and Fifth Amendments to the Constitution, and the Administrative Procedure Act. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 5 U.S.C. § 702, and Federal Rules of Civil Procedure 57 and 65, and inherent equitable powers of this Court. Defendants' sovereign immunity is waived under 5 U.S.C. § 702. Venue is proper in this district under 28 U.S.C. § 1391 and 5 U.S.C. § 703. Defendants' challenge to standing and ripeness is both untimely, as discussed in Plaintiff's Motion to Strike, ECF No. 11, and also clearly without merit, as discussed in Plaintiff's Opposition to Motion to Dismiss, ECF No. 12.

Defendants' Statement

As further discussed in Defendants' Motion to Dismiss, ECF No. 9, the Court lacks subject-matter jurisdiction because Plaintiff does not have standing.  In addition, as also discussed in Defendants' Motion to Dismiss, Plaintiff's claims are not ripe.

**3.      DATES OF FILING OF RELEVANT PLEADINGS**

**A.      Date Complaint Was Filed:**

October 13, 2017

**B.      Date Complaint Was Served on U.S. Attorney's Office:**

Plaintiff's Statement

As discussed in Plaintiff's Motion to Strike, ECF No. 11, and Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Strike, ECF No. 15, the Complaint was

served on U.S. Attorney's Office, U.S. Attorney General's Office, and Defendants, on October 14, 2017. Defendants' motion to dismiss, filed December 18, 2017, is untimely because it failed to meet the 60-day period set forth in Federal Rule of Civil Procedure 12(a)(2) which began with service by mail of the U.S. Attorney, Attorney General, and Defendants, on October 14, 2017. Service was, in law and fact, complete upon certified mailing on October 14, 2017. Defendants rely on an incorrect date of service, apparently to justify Defendants' negligence in failing to respond to the Complaint within 60 days.

Defendants' Statement

As further discussed in Defendants' Opposition to Plaintiff's Motion to Strike, ECF No. 13, the U.S. Attorney's Office received the Complaint by mail on October 17, 2017, and thus Defendants were served on that date.

**C.     Date Answer or Other Response Was Filed:**

Defendants' Motion to Dismiss was filed December 18, 2017.

**4.     STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

Plaintiff's Statement

Plaintiff believes that Defendants' Motion to Dismiss is both untimely and without merit, and should be denied, and Defendants held in default for failing to timely respond to the Complaint. In the event Plaintiff's Motion to Strike is not granted in full, and Defendants held in default, Plaintiff believes this case should proceed in consideration of the Constitutional violations under the First and Fifth Amendments, statutory violations of the Administrative Procedure Act, with Defendants filing an Answer and the Administrative Record prior to proceeding with supplementing the record. The Order and Opinion in *Pennsylvania v. Trump*, No. 2:17-cv-4540 (E.D. Pa. Dec. 15, 2017), and the Order in *California v. Health and Human Services*, No. 4:17-cv-5783 (N.D. Ca. Dec. 21, 2017), indicate how other jurisdictions have proceeded with these issues.

Defendants' Statement

Defendants believe this case should be dismissed for lack of subject-matter jurisdiction.  In the event Defendants' Motion to Dismiss is not granted in full, Defendants believe this case should proceed as a typical record review case with Defendants filing an Answer and then an Administrative Record.  In no event should Defendants be "held in default," a suggestion which Plaintiff notably did not raise in the briefing concerning the Motion to Strike.  *See, e.g.*, Proposed Order, ECF No. 11-1 (proposing that the Court order "that the Motion to Strike is GRANTED and Defendants' Motion [to Dismiss] is DENIED").

**5.     OTHER MATTERS**

N/A

**6.      PROPOSED BRIEFING SCHEDULE**

**A.      Deadline for Filing Administrative Record:**
The Deadline for Filing the Administrative Record shall be 30 days from the date of the Answer, which is due to be filed 14 days after the Court rules on the pending Motion to Dismiss.  When possible, the record shall be filed in a searchable electronic format, i.e., .pdf.

**B.      Deadline for Parties to Confer on Record Disputes:**
The Deadline for Parties to Confer on Record Disputes shall be 30 days from the date the Administrative Record is filed.

**C.      Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:**
The Deadline for Filing Motions to Complete and/or Supplement the Administrative Record shall be 30 days from the Deadline for Parties to Confer on Record Disputes.  Response and Reply deadlines for such motions are governed by D.C.COLO.L.Civ.R. 7.1(C).  The parties should review and familiarize themselves with the Court's decisions in CNE v. Salazar, 711 F. Supp.2d 1267; and Wild Earth Guardians v. USFS, 713 F.Supp.2d 1243.

**D.      Petitioner's Opening Brief Due:**
Petitioner's Opening Brief is due 30 days after the Deadline for Filing Motions to Complete and/or Supplement the Administrative Record.  If there are challenges to the record, the briefing schedule will be modified accordingly.

**E.      Respondent's Response Brief Due:**
Respondent's Response Brief is due 30 days after the filing of Petitioner's Opening Brief.

**F.      Petitioner's Reply Brief (If Any) Due:**
Petitioner's Reply Brief is due 15 days after the filing of Respondent's Response.

Defendants' Statement
Defendants request the opportunity to file a reply brief addressing Petitioner's Reply Brief, which would be due 15 days after the filing of Petitioner's Reply Brief.

Plaintiff's Statement
Plaintiff opposes Defendants' request to Reply to Reply brief, and requests that Defendants' request be denied. If the burden of proof is on the Plaintiff, then equity requires that the Plaintiff have the last word, in the form of Plaintiff's Reply brief.

**7.  STATEMENTS REGARDING ORAL ARGUMENT**

- 4 -

<u>Plaintiff's Statement</u>
Plaintiff requests oral argument, given the Constitutional and statutory violations at issue here. On this point, the Court is directed to *Pennsylvania v. Trump*, No. 2:17-cv-4540 (E.D. Pa. Dec. 15, 2017), and *California v. Health and Human Services*, No. 4:17-cv-5783 (N.D. Ca. Dec. 21, 2017).

<u>Defendants' Statement</u>
Defendants defer to the Court's discretion, and stand ready to present oral argument if the Court believes that argument would be helpful to resolve this case.

## 8.  CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

***<u>Indicate below the parties' consent choice.</u>***

**A.       ( )     All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**B.       ( X )   All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

## 9.  OTHER MATTERS

Parties filing motions for extension of time or continuances will comply with Fed. R. Civ. P. 5(d)(1) and D.C.COLO.LCivR 5.1(d) by serving a copy of the motion through electronic service upon all attorneys of record and by U.S. mail on all pro se parties, certified by the Notice of Electronic Filing.  Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving such motion on the moving attorney's client.

## 10.  AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

The parties agree that  the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.

DATED this _____ day of _____, 20___.

BY THE COURT

_____
U.S. District Court Judge

- 5 -

APPROVED:


/s/ *Alan Kennedy-Shaffer*
    ALAN KENNEDY-SHAFFER, ESQUIRE
    1975 North Grant Street, #421
    Denver, CO 80203
    Telephone: (303) 345-3397
    Email: alan.kennedy-shaffer@aya.yale.edu

    JOEL JUDD, ESQUIRE
    2222 South Albion Street, #100
    Denver, CO 80222
    Telephone: (303) 830-8881
    Email: joeljudd@joeljudd.com

    ATTORNEYS FOR PLAINTIFF

CHAD A. READLER
Acting Assistant Attorney General

ETHAN P. DAVIS
Deputy Assistant Attorney General

ROBERT C. TROYER
United States Attorney

JOEL McELVAIN
Assistant Branch Director

/s/ *Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20001
Telephone: (202) 514-3953
Facsimile: (202) 616-8202
Email: Rebecca.M.Kopplin@usdoj.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, February 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

        alan.kennedy-shaffer@aya.yale.edu     (Representing Plaintiff)
        joeljudd@joeljudd.com     (Representing Plaintiff)
        rebecca.m.kopplin@usdoj.gov     (Representing Defendants)

Dated: February 16, 2018                 */s/ Rebecca M. Kopplin*
                                    REBECCA M. KOPPLIN