IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02455-PAB-KHR

JESSICA CAMPBELL,

    Plaintiff,

v.

DONALD TRUMP, President of the United States,
ERIC HARGAN, Acting Secretary of Health and Human Services,
R. ALEXANDER ACOSTA, Secretary of Labor, and
STEVEN MNUCHIN, Secretary of the Treasury,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss [Docket No. 9] and Plaintiff's Motion to Strike Defendants' Motion to Dismiss [Docket No. 11].

## I.  BACKGROUND[1]

Plaintiff Jessica Campbell is a female teacher who receives health insurance through her employer, Colorado Academy. Docket No. 1 at 3, ¶¶ 7-8. She uses hormonal medications for birth control and for non-contraceptive medical purposes, including the prevention of ovarian cysts. *Id.*, ¶¶ 8, 10.

Plaintiff challenges two interim final rules (the "Rules") issued by the Departments of the Treasury, Labor, and Health and Human Services on October 6,

---

[1] The following facts are drawn from plaintiff's complaint [Docket No. 1] and are taken as true for the purposes of this order. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

2017: the Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act, 82 Fed. Reg. 47792, and the Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act, 82 Fed. Reg. 47838. Docket No. 1 at 1-2, ¶ 1. As relevant here, these Rules allow employers to seek exemptions based on religious and moral objections from requirements that the employers cover certain women's healthcare services, including hormonal birth control.

On October 13, 2017, plaintiff filed her complaint, seeking a declaration that the Rules violate her rights under the Constitution and were implemented in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, et seq. Docket No. 1 at 11, ¶ 2-4. She also seeks an injunction barring enforcement of the Rules. *Id.*, ¶ 5. On December 18, 2017, defendants filed their motion to dismiss, arguing that the Court should dismiss this case because plaintiff lacks Article III standing. Docket No. 9 at 1. On January 7, 2018, plaintiff moved to strike defendants' motion on the ground that it was untimely. Docket No. 11 at 1.

## II. MOTION TO STRIKE

Plaintiff's motion to strike is frivolous. It is well established that a "litigant generally may raise a court's lack of subject-matter jurisdiction at any time." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804); *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884); Fed. Rule Civ. Proc. 12(h)(3)); *see also City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("[B]ecause parties cannot waive subject-matter jurisdiction, they can

challenge it 'at any time prior to final judgment.'" (quoting *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004))). Thus, defendants' challenge to the Court's jurisdiction on the basis that plaintiff lacks standing is not untimely and the Court will deny plaintiff's motion.

## III. STANDING

Plaintiff bears the burden of establishing standing. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To carry this burden, plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id*. at 543. In order to show an injury in fact, plaintiff must show that she has suffered an "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Defendants argue that plaintiff cannot show an injury in fact because her allegations do not establish a likelihood of imminent injury related to the Rules. Docket No. 9 at 8-12. In particular, defendants argue that the most that can be inferred from allegations in plaintiff's complaint is a "speculative implication that her employer might, at an unknown point in the future, take advantage of the new exemptions" in the Rules. *Id*. at 8. Defendants point out that plaintiff makes no allegations that her employer actually holds the sort of beliefs that would support an exemption under the Rules from

3

the duty to cover contraceptives and that her employer has publicly stated that it does not anticipate changes to benefits based on the Rules. *Id*. at 8-9 (citing Kirk Mitchell, *Denver Teacher Sues Trump Claiming Contraception Rules Violate Women's Rights*, Denver Post (Oct. 13, 2017), Docket No. 9-2 at 2-4).

In response, plaintiff argues that she has suffered "procedural injury" under the APA. Docket No. 12 at 7, 9. This contention is irrelevant to whether plaintiff has Article III standing. *See Lujan*, 504 U.S. at 572. Even if plaintiff can show that a procedural requirement of the APA was violated, she must show that "disregard of [the requirement] could impair a separate concrete interest of [hers]" to establish Article III standing. *Id*.

Alternatively, plaintiff analogizes her circumstances to two decisions where the courts found that similar plaintiffs had standing: *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017), and *California v. Health & Human Servs.*, 281 F. Supp. 3d 806, 822 (N.D. Cal. 2017). Docket No. 12 at 11. In each of these cases the plaintiffs showed that their direct pecuniary interests were likely to be affected by the Rules. *Pennsylvania*, 281 F. Supp. 3d at 567 ("The [Rules] will likely inflict a direct injury upon the Commonwealth by imposing substantial financial burdens on State coffers."); *California*, 281 F. Supp. 3d at 822 ("Rather, [the plaintiffs] have shown that the [Rules] will impact their fiscs in a manner that corresponds with the [Rules'] impact on their citizens' access to contraceptive care."). By contrast, plaintiff does not point to any factual allegations in her complaint that would support an inference that her health insurance coverage for contraception is likely to change in any way based on the Rules.

*See* Docket No. 12 at 7. Plaintiff alleges that she receives health insurance through her employer and needs contraceptives for medical reasons. She relies on her health insurance for its coverage of such treatment. Plaintiff alleges that the Rules "fail to ensure . . . access to required coverage" and that she is "extremely vulnerable to substantial health, safety, economic, and social harms from loss of access to essential contraceptive care and coverage." Docket No. 1 at 6-7, ¶ 27. Plaintiff argues that, because of the Rules, she must "go to bed each night knowing the next day her employer could withdraw necessary medical coverage." Docket No. 12 at 6.

Plaintiff's "fears of hypothetical future harm that is not certainly impending" are insufficient to create Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). There are no factual allegations in the complaint that support an inference that injury to plaintiff, economic or otherwise, is "actual and imminent" as required to constitute an injury in fact under Article III standing principles. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)). As a result, the Court finds that she does not have standing to challenge the Rules. Accordingly, the Court lacks subject matter jurisdiction and must dismiss plaintiff's claims. *Colorado Outfitters Ass'n*, 823 F.3d at 554.[2]

## IV. CONCLUSION

Therefore, it is

---

[2] Plaintiff has not requested leave to amend and does not indicate that there are additional facts that she could have pleaded that would support standing. *See* Docket No. 12.

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 9] is GRANTED. It is further

**ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss [Docket No. 11] is DENIED.

**ORDERED** that, pursuant to Fed. R. Civ. P. 12(h)(3), plaintiff's claims are dismissed without prejudice. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is dismissed in its entirety.


DATED September 11, 2018.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge